In the Matter of JACOB H. WEINSTOCK, an Attorney, Respondent.

ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, February 11, 1944.

*Einar Chrystie* for petitioner.

*Jacob H. Weinstock,* respondent in person.

*Per Curiam.* The facts herein are undisputed. The respondent acted as attorney for a partnership, consisting of Joseph Judelson and Julius Mark, in the matter of the sale of a luncheonette business owned by them to one Fritz Piowati. In June, 1941, the sum of $1,857.28 was deposited with respondent to be held in escrow pending the delivery to the purchaser of certain consents and assignments of leases and to protect the latter against partnership debts. The respondent at once commenced to apply the money thus received to his personal use and by August 6, 1941, almost the entire fund was converted by him.

Mr. Judelson having endeavored without success to obtain from the respondent his share of the money, a proceeding was instituted to compel him to account. On May 9, 1942, an order was entered directing the respondent to deposit the money in the Brooklyn Trust Company for the account of Joseph Judelson and Julius Mark, subject to the further order of the court. He failed to comply and on June 15, 1942, an

order was entered adjudging him guilty of contempt and directing his commitment.

After the matter was brought to the attention of the petitioner's Committee on Grievances the respondent entered into an agreement with Mr. Judelson's attorney to pay the sum of $687.50 in installments in full settlement of Mr. Judelson's claim. This agreement has since been fully complied with. The respondent has also paid an additional seventy-five dollars in reimbursement of the legal expenses in the turnover proceeding. Respondent claims that repayment was made by him to Mr. Mark. The proof of this rests entirely upon his uncorroborated testimony and a number of checks to third parties. Mr. Mark was not produced as a witness because he is in the armed forces of the United States and stationed at a camp in Virginia.

The respondent's attitude throughout this matter does not convey the impression of frankness. In the answer interposed by him and in his testimony before the referee he made statements calculated to create the false impression that the moneys received were not distributed by him because of a controversy between the partners, whereas the fact is they were almost immediately converted to his own use. The real effect of this testimony is that after having converted the money the respondent's friend, Mr. Mark, condoned his use thereof upon his promise to repay the entire amount to him.

While according full consideration to the subsequent repayment to Mr. Judelson and the alleged repayment to Mr. Mark, it is our opinion that the respondent should be suspended from practice for one year, with leave to apply for reinstatement upon the expiration of that term upon proof of his compliance with the conditions incorporated in the order and upon satisfactory proof that restitution has also been made to Julius Mark.

TOWNLEY, GLENNON, UNTERMYER, DORE and CALLAHAN, JJ., concur.

Respondent suspended for one year.